# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

ANGELA C. SPAHN                                                    PLAINTIFF

v.                              No. 1:18-CV-00052-KGB-BD

NANCY A. BERRYHILL[1]                                              DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to

Judge Kristine Baker.  Either party may file written objections to all or part of this

Recommendation. Objections should specifically explain the factual or legal basis for the

objection. To be considered, all objections must be filed within 14 days of this

Recommendation. By not objecting, parties may waive the right to appeal questions of

fact.

### REASONING FOR RECOMMENDED DISPOSITION

Angela Spahn applied for social security disability benefits with an alleged onset

date of April 30, 2014. (R. at 90). After a hearing, the administrative law judge (ALJ)

denied Ms. Spahn's applications. (R. at 40). The Appeals Council denied her request for

review (R. at 1); thus, the ALJ's decision now stands as the Commissioner's final

decision. Ms. Spahn filed this case requesting judicial review.

---

[1] Deputy Commissioner for Operations, performing the duties and functions not reserved
to the Commissioner of Social Security.

## I.     The Commissioner's Decision

The ALJ found that Ms. Spahn had the following severe impairments: history of seizures, degenerative disk disease of the cervical spine, osteoarthritis, bipolar type I disorder, major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, alcohol use disorder, and cannabis use disorder. (R. at 20). The ALJ found that Ms. Spahn had the residual functional capacity (RFC) to perform light work, except that she could not perform work from unprotected heights, ropes, ladders, or scaffolding; could not operate motor vehicles or use firearms; and could not perform tasks requiring bi-focal vision. She was further limited to simple, routine, repetitive tasks with simple, direct, and concrete supervision. She could maintain frequent contact with coworkers and supervisors, but only occasional contact with the general public. She would need three unscheduled absences per month on a consistent basis. (R. at 20). This RFC precluded Ms. Spahn's past relevant work. (R. at 23).

The ALJ took testimony from a vocational expert (VE), who testified that a person with Ms. Spahn's age, education, work experience, and RFC could not perform any jobs existing in significant numbers in the national economy. (R. 23–24).

The ALJ found that Ms. Spahn would have severe impairments even if she stopped abusing alcohol and cannabis (R. at 24) and that she would still be unable to perform her past relevant work. (R. at 39) The VE testified, however, that a hypothetical individual with the same age, education, work experience, and RFC as Ms. Spahn, minus her substance abuse, would be able to perform other jobs such as hotel housekeeper, price tag ticketer, and routing clerk. (R. at 39–41). Based on this testimony, the ALJ held that

Ms. Spahn's substance abuse was a contributing factor material to the determination of disability and that she was, therefore, not disabled within the meaning of the Social Security Act. (R. at 40).

## II.    Discussion

Ms. Spahn argues that the ALJ erred in finding that substance abuse was a contributing factor to her disability; that the ALJ failed to account in the RFC for moderate limitations in concentration, persistence, or pace found at step three; and that the ALJ did not include appropriate vision limitations in the RFC. Because the ALJ did not include relevant visual limitations in the RFC, it is not necessary to reach Ms. Spahn's other points.

The task of the Court is to determine whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing this analysis, the Court must look to evidence supporting the Commissioner's findings, and also, to evidence that detracts from the decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

Ms. Spahn is functionally blind in her left eye. (R. at 485–87, 620). The ALJ acknowledged this impairment and attempted to account for it in the RFC. (R. at 36–37). However, the ALJ mistakenly described Ms. Spahn's visual impairment in the hypothetical question posed to the VE and in assigning the RFC.

> A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant. *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir.1994). A vocational expert cannot be assumed to remember all of a claimant's impairments from the record. *Whitmore v. Bowen*, 785 F.2d 262, 263–64 (8th Cir.1986). An expert's testimony based upon an insufficient hypothetical question may not constitute substantial evidence to support a finding of no disability. *Id.*

*Newton v. Chater*, 92 F.3d 688, 694—95 (8th Cir. 1996).

As Ms. Spahn observes, the ALJ limited her to jobs that do not require "bi-focal" vision. (R. at 25, 37). The ALJ used the term "bifocal vision" in describing Ms. Spahn's limitations to the VE. (R. at 86). Ms. Spahn argues that limiting her to jobs not requiring "bi-focal" vision is inaccurate because "bi-focal vision" refers to the ability to see clearly at both near or far distances. A person without bi-focal vision can see near objects clearly and distant objects clearly. Indeed, the dictionary definition of "bifocal" is "having two focal lengths." *Merriam-Webster*, https://www.merriam-webster.com/dictionary/bifocal.

The word that the ALJ likely intended is "binocular," meaning "of, relating to, using, or adapted to the use of both eyes." *Merriam-Webster*, https://www.merriam-webster.com/dictionary/binocular. As noted Ms. Spahn is virtually blind in her left eye, rather than near-sighted or far-sighted in that eye.

The Commissioner did not respond specifically to the bi-focal issue Ms. Spahn raises, but rather, she argues, generally, that the RFC appropriately accounted for all of Ms. Spahn's limitations.

The difference between "bi-focal" and "binocular" is significant in a person's visual abilities. A loss of binocular vision can cause problems with depth perception and

peripheral vision; by contrast, a loss of bifocal vision refers to nearsightedness or farsightedness. Ms. Spahn has corrected 20/20 vision in her right eye, which indicates that she has suffered no loss of bifocal vision. (R. at 486). This inaccuracy is important, because the ALJ has a responsibility to describe a claimant's impairments accurately so that the VE can properly respond to the ALJ's hypothetical questions.

It is not clear from the hearing transcript whether the VE understood the ALJ's intention and responded based on that understanding or whether the VE relied on the actual definition of the terms the ALJ used. Because the ALJ's description of Ms. Spahn's visual impairment is incorrect, the VE's testimony is not reliable evidence.

## III.    Conclusion

The ALJ erred in describing Ms. Spahn's visual impairments, and the error is not harmless. Accordingly, the Commissioner's decision should be REVERSED and REMANDED with instructions to develop the record as necessary and to reconsider Ms. Spahn's RFC and the medical evidence.

DATED this 11th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE